### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## EASTERN DIVISION.

### KNOXVILLE, SEPTEMBER TERM, 1912.

---

DAVE HICKS *v.* STATE.

(*Knoxville.* September Term, 1912.)

1. CRIMINAL LAW. Accomplice must be corroborated both as to commission of crime and identity of the accused.

The corroboration of the testimony of an accomplice, essential to support a conviction, must be not only as to the commission of the crime, but as to the identity of the accused as the party who committed it. (*Post, p.* 362.)

2. SAME. Requisites to constitute an accomplice; mere presence, without more, does not.

The mere presence of one when a crime is committed does not make him an "accomplice". To make one an accomplice, there must be proof that he knowingly, voluntarily, and with common intent, united with the principal offender in the commission of the crime. (*Post, pp.* 362, 363.)

Cases cited and approved: Harris v. State, 7 Lea, 124; Parham v. State, 10 Lea, 498; Clapp v. State, 94 Tenn., 194.

18 Cates]            (359)

3. SAME. Court may charge witness to be an accomplice, if he so confesses; otherwise it is a question of fact for jury; burden to show.

Where a State's witness confesses in his testimony to a criminal participation in the offense, the court may charge that he is an accomplice, and that no conviction can be had without corroboration of his testimony; but, where the witness denies all criminal connection with the crime committed, the question whether he is an accomplice is one of fact to be submitted to the jury, under proper instructions, the burden of proof being on the party asserting that he is an accomplice to prove by a preponderance of the evidence the guilty connection of the witness; and, where the jury find the witness to be an accomplice, they must apply the rule requiring corroboration, otherwise his testimony must be given the same weight as that of other witnesses. (*Post*, p. 363.)

4. SAME. Whether witness is an accomplice is for jury; verdict of guilty upon his uncorroborated testimony is a finding that he was not an accomplice.

Where, on a trial for burglary of a store, a State's witness, a brother-in-law of the accused, testified that, on the night of the burglary, the accused requested the witness to go with him (the accused) to the home of a third person; that when they came to the store, the accused stopped and stated his intention to burglarize it; that the witness urged him not to do so; that the accused required the witness to remain by threats of violence; that the witness went across the road from the store; that he there saw the accused commit the crime; and that he did not participate in the crime, or receive any of the stolen property, the question whether the witness was an accomplice was for the jury; and, by the verdict of guilty, it was found that such witness had no guilty connection with the crime, and such finding authorized the conviction on his uncorroborated testimony. (*Post*, pp. 361-364.)

FROM WASHINGTON.

Appeal from the Circuit Court of Washington County. DANA HARMON, Judge.

DIVINE & GUINN, for Hicks.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

MR. CHIEF JUSTICE SHIELDS delivered the opinion of the Court.

The plaintiff in error was convicted of the crime of burglary, and sentenced to confinement in the State prison for a term of three years. The error here assigned is that the evidence preponderates against the verdict, and in favor of the innocence of the plaintiff in error. The precise contention is that Charles Dulaney, the witness for the State, who connects plaintiff in error with the commission of the crime, was an accomplice, and that a conviction cannot be sustained upon his uncorroborated testimony.

The burglary is proven by the prosecutor, A. N. Sellers, who testified that his storehouse was broken open in the nighttime, and certain articles, aggregating $25 in value, were removed and stolen. Charles Dulaney, a young man twenty-two years of age, younger than the plaintiff in error and his brother-in-law, testified to the connection of the plaintiff in error with the

offense. He said that on the night of the burglary the plaintiff in error requested him to go with him to the house of a Mr. Naive; that when they came to the storehouse of the prosecutor, the plaintiff in error stopped and stated his intention to break open the house and take some of the goods there stored; that he urged plaintiff in error not to do this, saying that he would go on and leave him; but he persisted in his intention, and required witness to remain with him by threats of violence. Witness testified that he then went across the road from the store, and there saw plaintiff in error break open a window and take from the house the articles which the prosecutor testified had been stolen, and carry them away in a sack. Witness further said that he did not know that the plaintiff in error intended to commit the burglary until he stopped at the store, and that he in no way participated in the crime, or received any of the property stolen, and that his presence was without any intention to aid the plaintiff in error and involuntary. The plaintiff in error, as a witness for himself, denied the truth of the testimony of Dulaney and all knowledge of the burglary. Witnesses who knew the character of the plaintiff in error and Dulaney impeached the former and sustained the latter. There can be no conviction of crime upon the uncorroborated testimony of an accomplice, and the corroboration must be, not only as to the commission of the crime, but as to the identity of the defendant as the party who committed it. The mere presence of one when a crime is committed does not make him an accomplice.

There must be evidence that the party, claimed to be an accomplice, knowingly, voluntarily, and with common intent united with the principal offender in the commission of the crime. *Harris* v. *State,* 7 Lea, 124; *Parham* v. *State,* 10 Lea, 498; *Clapp* v. *State,* 94 Tenn., 194, 30 S. W., 214.

Where the witness, claimed to be an accomplice, confesses in his testimony a criminal participation in the offense, the court may instruct the jury that he is an accomplice, and that no conviction can be had without corroboration of his testimony. Where, however, the witness denies all criminal connection with the crime committed, whether he be an accomplice or not is a question of fact, to be submitted to the jury along with other issues of fact, under proper instructions from the court; the burden being upon the party invoking the rule to prove by a preponderance of the evidence the guilty connection of the witness with the crime. If the jury find the witness to be an accomplice, they will apply the rule requiring corroboration; but, if the jury fail to so find, his evidence will be given the same weight as that of other witnesses. Wigmore on Evidence, vol. 3, sec. 2060c; Underhill on Criminal Evidence, sec. 69; Wharton's Criminal Evidence (9th Ed.), sec. 440.

The question of whether or not the witness Dulaney was an accomplice in this case was submitted by the trial judge to the jury under proper instructions, and by the verdict of guilty it was found that he had no guilty connection with the crime, and the preponderance of the evidence sustains this finding. Certainly, it is not

Hicks v. State.

against it. This destroys the contention of the plaintiff in error. In addition to this, there is, we think, testimony in the case which tends to corroborate the witness.

There is no error in the judgment, and it is affirmed.