RIPLEY *v.* STATE.

(*Nashville,* December Term, 1949.)

Opinion filed February 10, 1950.

Hugh Stanton, of Memphis, for plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was jointly indicted with Lloyd H. Lemser and Guy Golden upon the charge of grand larceny and receiving stolen property. Lemser was acquitted and both Golden and the plaintiff in error were convicted, their punishment being fixed at five years in the penitentiary. Ripley alone has appealed and assigned errors.

The Mid-South Plumbing Company had a lot adjacent to its place of business upon which it had stored plumbing fixtures of different kinds. On the night before the alleged larceny a neighbor heard noises in the vacant lot and observed three people who appeared to be removing some of these fixtures. He reported to the police what he had seen and heard and it developed that a larceny of fixtures had been committed. On the day after the discovery of the loss the defendants were arrested in West Memphis, Arkansas, as they were attempting to sell plumbing equipment to a dealer. The articles consisted of both tubs and commodes and were in a pick-up truck belonging to defendant Ripley. Upon being arrested the defendants claimed that they found these fixtures in some weeds at the side of an old race track (a dog track) while digging for fishing worms. When they were taken to the dog track the officers could find no evidence of any weeds being mashed down or automobile tracks or where any one had been digging

worms. Shortly thereafter the officers, together with the prosecutor, went to a vacant lot in the rear of the place where Ripley and Golden lived (on Iowa Street) and found concealed in the weeds other plumbing fixtures which the prosecutor identified as its property.

The defendant Golden in a written confession, taken down in the presence of Ripley, admitted his guilt and implicated both Ripley and Lemser. Golden later repudiated it and said he was cursed and beaten by officers and made the confession through fear. The defendant Ripley also made a written statement in which he denied his guilt. However, on the trial of the case Officer Meeks testified that Ripley stated, after he had heard Golden's confession, "I might as well admit I was in on it like they say". Ripley denied making this statement.

Able counsel for Ripley concedes that there is material evidence to sustain the verdict of the jury but insists that the case should be reversed for the following reasons: (we omit the first two assignments relating to the alleged insufficiency of the evidence), (3) the court erred in allowing the Attorney General to discuss in detail on the *voir dire* examination of jurors the effect of the indeterminate sentence law, claiming it was prejudicial. (4) The court erred in overruling the objection of defendant's counsel to the argument of the Attorney General "setting forth the elements of the indeterminate sentence law because same was highly prejudicial" etc. (5) "The court erred in stating to the jury during the course of the argument of cousel for defendant Ripley as follows: The State does not have to corroborate an accomplice when the defendant takes the stand. This is an erroneous statement of law, is inaccurate, and was highly prejudicial to the defendant Ripley because it gave the jury the wrong

impression with reference to the corroboration of an accomplice rule. The charge of the court did not correct this and the jury was under the impression that there is no qualification or distinction in the testimony of accomplices and other witnesses.'' (6) The court erred in refusing to grant the special request No. 1 ''wherein the court was requested to charge the jury that the uncorroborated testimony of an accomplice is not sufficient to convict'', the request not being covered in the general charge. The court erred in allowing the State to introduce a report made by the Officer Meeks to the Sheriff, which was offered to corroborate Meeks. (7) There is no evidence of the defendant's participation outside the confessions of his co-defendants and accomplices, Lemser and Golden, and for this reason the jury verdict should be set aside. (8) The punishment is excessive. (9) The defendant Ripley was held in jail from the 17th to the 20th of August without being taken before a magistrate and for this reason the statements of the witnesses, Meeks, Johnson and Wilson, are incompetent; the holding of the defendant in custody for three days, ''grilling and questioning him repeatedly'' amounted to a violation of the due process clause of the Constitution.

Counsel for the defendant failed to argue the several assignments of error, but on his brief, submits them with the observation that he thinks they are meritorious and should be considered by the Court.

■ In response to the errors in which complaint is made that the defendant's case was prejudiced by the Attorney General's comment on the indeterminate sentence law, we find nothing in the record showing any improper argument. Instead of imposing the maximum punishment of ten years, the jury fixed it at five years.

686

■ The next assignments, (5) and (6), complain of a statement by the trial judge in the presence of the jury (and not corrected in his general charge) that "the State does not have to corroborate an accomplice when the defendant takes the stand" and the refusal to charge the special request No. 1.

We find no authority to sustain the trial judge in making the statement attributed to him. It is too often the case that the State must rely upon the testimony of one or more defendants to convict other defendants, each being an accomplice with the other. In such circumstances the rule that an accused cannot be convicted upon the uncorroborated testimony of his co-defendants, an accomplice in crime, must be recognized, and it is wholly immaterial that the accused, as in the instant case, testified on his own behalf.

■ The insistence of the State's counsel is that because Lemser was acquitted by the jury, and thereby exonerated of any complicity in the crime, he is not to be considered as an accomplice and the rule requiring corroboration of his testimony has no application, citing *Hicks* v. *State,* 126 Tenn. 359, 363, 149 S. W. 1055, 1056. But in this case the Court after stating the rule requiring corroboration said: "Where, however, the witness denies all criminal connection with the crime committed, whether he be an accomplice or not is a question of fact, to be submitted to the jury along with other issues of fact, under proper instructions from the court." In *People* v. *Creegan et al.,* 121 Cal. 554, 53 P. 1082, 1084; the State's witness had been tried and acquitted of the same crime for which the defendants were on trial. The court ruled that this acquittal "as against these defendants it did not create a legal status for him, or establish

the fact that he was not an accomplice." In 22 C.J.S. Criminal Law, Section 793, page 1343, it is said:

"Persons indicted jointly with accused are not usually by virtue of that fact alone regarded as accomplices.

"The better view is that a person jointly indicted with accused is not to be regarded as an accomplice merely because of the fact that he has been so indicted".

Citing cases from Alabama, Arkansas, Georgia, and Kentucky. We think whether or not one is an accomplice in a given case is not a question that is exclusively for the court to determine. By the great weight of authority, "The question of who are accomplices is one of law for the court when the facts as to the witness' participation are clear and undisputed; when such facts are disputed or susceptible of different inferences, the question is one of fact for the jury." 22 C.J.S., Criminal Law, Section 797, page 1348. In *Commonwealth* v. *Ford*, 111 Mass. 394, it was held: "Whether the witness was to be regarded as an accomplice, requiring corroboration, was a question to be determined by the jury. The whole matter of the degree of credit to be given to a witness, and the extent to which his credit is impaired by his apparent relation to the offense on trial, is for their consideration. Whatever tends to show that he is in any way implicated, may be considered by the jury in determining what credit they will give to his testimony, even if it does not show that he was strictly an accomplice."

To the same effect see *State* v. *Weston*, 109 Or. 19, 219 P. 180; *Hargrove* v. *State*, 125 Ga. 270, 54 S. E. 164.

We think the testimony of Lemser was highly prejudicial to both Golden and Ripley. He testified that he went with his co-defendants to Perkins and Poplar Streets, which was the prosecutor's place of business,

and "picked up a load of plumbing fixtures and hauled them to 29 Iowa Street (Ripley's residence) and unloaded, that they made a second trip". He stated further "that he did not get a nickel out of the theft, just went along for the ride and to help Golden and Ripley". His acquittal may be easily accounted for from the fact that he was drinking and "didn't get a nickel out of the theft". But his acquittal did not affect his legal status as an accomplice witness. The law makes no distinction between an accomplice as a witness and the same individual as a defendant. *State* v. *Weston, supra; State* v. *Case,* 61 Or. 265, 122 P. 304.

The State concedes that Golden was an accomplice, but insists that his testimony was not prejudicial in that he claimed to have been drunk and remembered nothing at all about the transaction. We cannot overlook the fact, however, that the prosecution used his signed confession, which was made in the presence of Ripley, as evidence against the latter. It is true he later repudiated it, but when the trial court ruled in the absence of the jury that it was freely and voluntarily made, it became a question for the jury as to what weight should be given it as touching the guilt of both Golden and Ripley. The defendant Ripley contradicted both of his co-defendants, claiming that Golden had taken his truck without his permission, that he knew nothing about taking two loads of fixtures from the prosecutor's place and unloading them at 29 Iowa Street, and had no part in it; that Golden came by his place about noon on the day following the alleged larceny with the fixtures on his truck and stated "he was hauling them for a contractor to West Memphis". He went with Golden to West Memphis but did not offer any of the articles for sale to any one.

In the light of the foregoing facts it was the duty of the trial judge to submit to the jury the question of whether or not Lemser was an accomplice. It was his further duty to instruct them that Ripley could not be convicted upon the uncorroborated evidence of either of his co-defendants, if in fact they found that Lemser was also an accomplice. We think there was sufficient corroboration of Lemser and the confession of Golden, provided the witnesses were deemed credible and worthy of belief. But the question of the credibility of this testimony is exclusively one for the jury.

We think the learned trial judge was in error in refusing to charge the defendant's special request. Assignments of error No. (5) and (6) are therefore sustained. Other assignments are overruled, the same being without merit. Reversed and remanded for a new trial.

All concur.