ALEXANDER *v.* STATE.

*(Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

CARL HARDIN, Nashville, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for the state.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

A clear understanding of the question made by this petition to rehear requires a more than usual re-statement of the facts.

Four indictments were returned charging Ray Alexander and three other young men with the offense in each of the cases of house-breaking and larceny on a certain night. Pleas of guilty were entered by all except Alexander who was convicted in each case. He appealed each of the four cases.

Prewitt, Justice, wrote the opinion of the Court in the case wherein Alexander was convicted of breaking into the garage of Stubblefield and stealing therefrom certain articles including a pistol. That opinion affirmed the conviction. That case is styled in the briefs as case No. 1.

The Chief Justice wrote the opinion of the Court in the case in which Alexander was convicted of breaking into the store of Howard Hooper and stealing therefrom a safe containing money and papers. The conviction in that case was set aside. It is designated in the briefs as case No. 2.

Tomlinson, Justice, wrote the opinion of the Court in the case in which Alexander was convicted of breaking into the business house of Waverly Dry Cleaners and stealing clothes and money. That conviction was affirmed. It is identified in the briefs as case No. 3.

Gailor, Justice, wrote the opinion of the Court in the case in which Alexander was convicted of breaking into the business establishment of the Martha White Dry Cleaners and stealing therefrom money and clothes. That judgment of conviction was reversed. That case is known in the briefs as case No. 4.

Each of the four above mentioned opinions was announced on March 17, 1950.

Shortly after the commission of these offenses the three young men who plead guilty made detailed written confessions of their participation in each of these four crimes. These confessions stated that the defendant, Ray Alexander, participated in each of them.

At the time these confessions were made Alexander was in the penitentiary serving a sentence on some other conviction. The three young men referred to were taken by the peace officers to the penitentiary and confronted there with Alexander. Their written confessions were read in his presence and the three young men were asked by the officers if the statements therein made were true. When they replied in the affirmative, the officers asked Alexander what he had to say about it. The testimony of these officers is that Alexander replied "I have nothing to say."

On the same occasion at the penitentiary, but out of the presence of these three codefendants of Alexander, he, Alexander, was asked by the officers as to the whereabouts of the stolen clothes and pistol referred to in the confessions of his codefendants. These officers testify that his reply was "the same party had them but that he wouldn't tell us who it was because he didn't want to involve any one else." These were the clothes of Waverly Dry Cleaners and Martha White Dry Cleaners which the above mentioned confessions said were left in Alexander's car, or with him.

The statement said by the officers to have been made by Alexander on the occasion mentioned, to wit, "I have nothing to say" was admitted over the objection of Alexander as evidence for consideration by the jury in

each of the four cases. The other statement which he made according to the testimony of the officers with reference to the clothes and pistol, to-wit, "the same party had them but that he wouldn't tell us who it was because he didn't want to involve any one else" was admitted over the objection of Alexander as evidence for the consideration of the jury in all the cases, except the one in which the Chief Justice wrote the opinion setting aside the conviction of breaking into the store of Howard Hooper.

Each of the two aforementioned statements of Alexander were introduced by the State in cases No. 1. and 3 as evidence corroborating the testimony on the trial of these cases of an accomplice George. In these cases the opinions of the Court were written by Justices Prewitt and Tomlinson, respectively.

A petition to rehear has been filed by Alexander in cases No. 1. and 3. This opinion deals with the petition to rehear in case No. 3 wherein in the opinion of the Court written by Tomlinson, Justice, the conviction of Alexander of breaking into the business house of Waverly Dry Cleaners and stealing clothes and money was affirmed.

It is asserted in the petition to rehear that the holding of the Court in the opinion written by Tomlinson, Justice, in case No. 3 (Waverly Dry Cleaners) as to the admissibility of each of the two foregoing statements of Alexander and the probative value of such statements as evidence sufficient to corroborate the testimony of an accomplice is totally "repugnant, antagonistic to and in conflict with" the holdings in the opinion (1) of the Chief Justice in case No. (2) (Howard Hooper Store), and (2) of Justice Gailor in case No. 4 (Martha White

Dry Cleaners) wherein the convictions were set aside. The petition to rehear asserts that the opinion in the Waverly Dry Cleaners case should be reconsidered and the judgment of conviction reversed in alleged keeping with the holdings in the Martha White Dry Cleaners and Hooper cases.

■ The logical conclusion to be reached from the face of this petition to rehear is that its author overlooked in the presentation of the insistences thereby presented the rule that the holding and language in every opinion must be considered in connection with the facts with which the Court was dealing in that particular case. *Shanks* v. *Phillips*, 165 Tenn. 401, 410, 55 S. W. (2d) 258.

Considered and compared in logical order, perhaps it is best to first re-examine the holding in Martha White Dry Cleaners case, opinion by Justice Gailor, in comparison with the holding in Waverly Dry Cleaners, the case here under attack.

After the *corpus delicti* was established by independent evidence in the Martha White Dry Cleaners case there was admitted as evidence for the consideration of the jury the two aforesaid statements of Alexander, to wit, (1) "I have nothing to say", and (2) with reference to the pistol and clothes, "the same party had them but that he wouldn't tell us who it was because he didn't want to involve any one else". This was all the evidence introduced in the Martha White Dry Cleaners case. No one testified in that case that Alexander participated in the breaking into that place of business. Hence, there was no evidence in that case for these two statements of Alexander to corroborate. Accordingly,

the conviction was reversed because of the insufficiency of the evidence.

In the course of the opinion written by Gailor, Justice, for the Court in the Martha White Dry Cleaners case it is said: "Conceding what the State argues, that Alexander's statement, 'I have nothing to say', is evasive, and so is not a denial of guilt which would be inadmissible, but is admissible as an equivalent of 'silence under accusation' (Citing cases); nevertheless, it was at most, to be treated by the jury as 'a corroborative circumstance' ". (Citing cases.)

There being no evidence for this statement to corroborate, it was unnecessary for the opinion to determine the admissibility of the statement, and the opinion made no holding thereon.

With reference to the aforesaid second statement of Alexander, the opinion in the Martha White Dry Cleaners case says this: "Had there been other competent evidence that Alexander was a participant in the housebreaking, it would have been some corroboration of that charge."

For the purpose of ascertaining whether the holding of this Court in the Waverly Dry Cleaners case (the case under attack by this petition to rehear) is in conflict with the aforesaid holding in the Martha White Dry Cleaners case a re-examination of the holding in the Waverly Dry Cleaners case is now necessary.

In the Waverly Dry Cleaners case, George, a codefendant of Alexander, was called by the State to testify. He testified that he participated in the breaking into and stealing the clothes and money from the Waverly Dry Cleaners establishment, and that Alexander actively participated therein. He gave some de-

tails. As observed in the opinion, if his testimony before the jury is true, Alexander is guilty of participating in that crime. No witness so testified in the Martha White Dry Cleaners case. Therefore, unlike the Martha White Dry Cleaners case, there was in the Waverly Dry Cleaners case an accomplice's testimony to corroborate.

The next question to be answered in the Waverly Dry Cleaners case was whether the two aforesaid statements of Alexander were admissible to corroborate the testimony of codefendant George. The Trial Judge having correctly held that these statements were admissible, there only remained for determination the question of whether these statements corroborated the testimony of the accomplice George to an extent sufficient to sustain the conviction in the Waverly Dry Cleaners case.

Alexander's statement with reference to his knowledge of the whereabouts of the clothes stolen from the Waverly Dry Cleaners and his refusal to tell where they were because he desired not to "involve any one else" was held in the Waverly Dry Cleaners opinion to be an admission that led necessarily to the inference that he was implicated in this crime; hence, that it was corroboration of the testimony of the accomplice, George, sufficient to sustain the conviction. There is no inconsistency whatever in this holding and the holding in the Martha White Dry Cleaners case that this statement was "a corroborative circumstance". The only difference is that there was no evidence submitted to the jury in the Martha White Dry Cleaners case as to Alexander's participation in the crime for this statement to corroborate. Hence, a holding as to the sufficiency of the corroboration by

reason of this statement was not called for nor discussed in the Martha White Dry Cleaners case.

■ ■ At this point, in view of another insistence made in this petition to rehear, it is appropriate to observe that considering the fact that this Court has repeatedly held that slight circumstances may be sufficient to furnish the necessary corroboration, the latest of these cases being *Stanley* v. *State,* 222 S. W. (2d) 384, this statement was clearly sufficient corroboration for submission of the matter to the jury. But when there is considered the further fact that the confessions of Alexander's codefendants read to him at the penitentiary placed the clothes stolen from the Waverly Dry Cleaners in his possession immediately after the commission of the crime, then the statement of Alexander in response to the query of the officers as to where these clothes are makes inescapable the conclusion that the foregoing statement was very strong corroboration of the testimony given by the accomplice George upon the trial of Alexander in the Waverly Dry Cleaners case. As a matter of fact, counsel for Alexander during the trial of the Waverly Dry Cleaners case, in resisting the admissibility of this statement, said in response to the query of the Trial Judge that he, the lawyer, construed this statement of Alexander to be a "confession". So had this Court gone as far as Alexander's counsel went in construing the effect of that statement, it would probably have been necessary to affirm rather than reverse the conviction in the Martha White Dry Cleaners case. This would follow from the fact that when the *corpus delicti* is established by independent evidence, then a voluntary confession is sufficient to sustain a conviction. *Williams* v. *State,* 80 Tenn. 211, 213.

As to Alexander's statement when the confessions of his codefendants were read to him that "I have nothing to say" the opinion in the Waverly Dry Cleaners case here under attack observed that the statement was "equivocal" and hence under the authorities cited "was admissible as a circumstance to be considered by the jury". There is nothing in the Martha White Dry Cleaners opinion inconsistent with that holding. The Martha White Dry Cleaners opinion characterizes the statement as "evasive", whereas the Waverly Dry Cleaners case characterizes it as "equivocal". This is a distinction without a difference. It was unnecessary for the Martha White Dry Cleaners opinion to go further (and it did not), because there was no testimony for this "evasive" statement to corroborate.

There remains for consideration the question of whether there is a conflict between the Waverly Dry Cleaners opinion and the Howard Hooper opinion written for the Court by the Chief Justice.

As in the Waverly Dry Cleaners case, so in the Howard Hooper case, Alexander's codefendant George did testify that Alexander participated in that crime. However, since George was an admitted accomplice, it was necessary that his testimony be corroborated in the Howard Hooper case by evidence sufficient in law for that purpose.

In the Howard Hooper case there was not submitted to the jury, as there was in the Waverly Dry Cleaners case, the statement of Alexander to the effect that he knew where the clothes and pistols were, etc. This was because no clothes nor pistols were involved in the Howard Hooper case.

So, in the Howard Hooper case the only evidence offered to corroborate the testimony of the accomplice George was the statement of Alexander at the penitentiary to the effect that "I have nothing to say" in response to the query as to whether he was guilty of the offense of breaking into and stealing from the Howard Hooper store. This being the situation, the only question before this Court in the Howard Hooper case was whether Alexander's statement that "I have nothing to say" was as a matter of law sufficient corroboration of the accomplice's testimony to permit jury consideration of the statement in deliberating upon the guilt or innocence of Alexander in the Howard Hooper case.

In the Waverly Dry Cleaners case wherein both statements of Alexander were involved, it was held that the statement "I have nothing to say" was admissible as a circumstance which the jury might consider. Then that opinion held: "However, standing alone, that equivocal statement was not corroboration of the accomplice sufficient to justify conviction under the rule stated in the Clapp case."

It clearly follows from the holding just quoted that had the statement "I have nothing to say" been the only evidence offered to corroborate the accomplice in the Waverly Dry Cleaners case, this Court would necessarily have held that the statement should be excluded from the jury, as was held in the Howard Hooper case in the opinion written by the Chief Justice.

In the Howard Hooper case the Assistant Attorney General submitted for determination by the Court the question of whether the statement "I have nothing to say" amounted to a silent acquiescence in the truth of the statement in the confessions that Alexander partici-

pated in that crime. If it did, then it was competent. If it did not, then it was incompetent since there was no other statement or evidence purporting to corroborate the testimony of the accomplice. Therefore, the admissibility of Alexander's statement "I have nothing to say" depended in the Howard Hooper case upon whether that statement could fairly be construed as a silent acquiescence in the truth of the charge in the confessions that Alexander participated in this crime. Since it was the conclusion of the Court that the statement in question did not amount to a silent acquiescence in the truth of the charge and, since there was no other evidence to corroborate the testimony of the accomplice, it followed, of course, that the statement should have been excluded from the jury, as held in the Howard Hooper opinion. There is no inconsistency whatever in that holding and in the holding in the Waverly Dry Cleaners case that this equivocal statement was admissible along with evidence that was in law sufficient corroboration of the testimony of the accomplice.

It is true that the opinion in the Howard Hooper case closes with this statement: "We think the evidence of what took place at the penitentiary between the prosecuting officers, Alexander and his alleged co-defendants should have been excluded from the jury".

In so holding this Court was dealing only with the question of the competency of the one statement "I have nothing to say" as sufficient corroboration of the testimony of the accomplice. So, that holding and language in the Howard Hooper case must be considered and limited to the facts with which the Court was dealing in that case, *Shanks* v. *Phillips*, supra. It was so

intended, as is apparent, we think, from a reading of the opinion.

For the reasons stated, it is necessary to conclude that there is no inconsistency between the holding in the Waverly Dry Cleaners case, on the one hand, and the Martha White Dry Cleaners and Howard Hooper cases, on the other hand. That which has been herein said in response to that insistence necessarily responds unfavorably to the further insistence of the petition to rehear to the effect that Alexander's statements as to his knowledge of the whereabouts of the clothes, etc., is as a matter of law insufficient corroboration of the testimony of the accomplice George.

The brief filed in behalf of the State on the petition to rehear states that by inadvertence its writer, the Assistant Attorney General, failed to call attention to the fact that in the judgment of the Court below Alexander is to serve this sentence at a time commencing at the expiration of former sentences rather than concurrently therewith; that the minute entry in this Court affirming the judgment of the Court below may be construed as permitting Alexander to serve this sentence concurrently with such former sentences. Motion of the State is that the judgment be corrected so as to make certain that the serving of this sentence is to commence at the expiration of the serving of any former sentence.

The judgment of the Circuit Court in this respect is: ''It is further considered by the Court that the motion of the defendant Alexander be overruled and that he for his said offense shall be confined in the State Penitentiary for a period of not less than three years nor more than five years commencing at the expiration of former sen-

tences in said institution, subject to the rules and regulations of said institution.''

▮ Insofar as the entry on the minutes of this Court affirming the judgment below in this case is inconsistent with the above judgment of the Circuit Court, it will be corrected so as to provide that the defendant will commence the service of the sentence in this case at the expiration of former sentences in the State Penitentiary, subject to the rules and regulations of said institution.

Let the petition to rehear be denied and the judgment corrected as above noted.

All concur.