**Ted David ABBOTT, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Jan. 14, 1974.

Certiorari Denied by Supreme Court
April 1, 1974.

Ray E. Cate and Kenneth D. McCasland, Jr., Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, Ronald Webster, Dist. Atty. Gen., Joseph Nigro, John W. Gill, Asst. Dist. Attys. Gen., Knoxville, for defendant in error.

OPINION

DWYER, Judge.

From a conviction by a jury for committing the offense of concealing stolen property over the value of $100, see T.C.A. § 39-4217(B), with resulting punishment of confinement for not less than three years nor more than five, this appeal has been seasonably perfected.

With the assignments of error reflecting that the evidence is insufficient and that the verdict is not supported by the record we will summarize the evidence we have found from our review.

A Mr. Arnhart's house in Knox County was burglarized, while he was out of town, at some time between the latter part of December 1970 and January 2, 1971. The burglar took, among other things, Arnhart's gun collection which was valued at $3,800.

A state witness, Robert Lobetti, owner of a package store in Knox County, related that while at the American Legion Club some time after the second of January he met Abbott, the defendant. After a conversation with him, Lobetti went to Abbott's apartment to view a gun collection which Abbott had told him he wanted to sell because he was broke. When the witness saw the guns, arrayed in a disorderly fashion in the apartment, he became suspicious and told Abbott he did not want to buy them.

On their return to the club, Abbott told him he wanted $1,500 for the guns but that, if he did not get the money, he was going to throw them in the river because they were hot.

Lobetti, himself a gun collector, told his physician about this matter and, as he related, the two agreed the owner would probably rather pay $1,500 for the return of the guns than have them thrown in the river.

The next day Lobetti called the sheriff's department and found out that Mr. Arnhart had had his gun collection stolen. He then called Arnhart and related that he could get his guns back for $1,500. Arnhart asked how many of the guns would be returned. The witness then contacted Abbott and subsequently called Mr. Arnhart, identifying himself, and related that he could get 15 of the 20 guns lost. When Arnhart agreed the witness related that Abbott later brought the guns to his place of business and that he paid Abbott the $1,500.

That afternoon he called Mr. Arnhart who came and got the guns, reimbursing Lobetti in the amount of $1,500. The witness related that he told Arnhart he was going to report this matter to the police whereupon Arnhart told him that he knew Abbott had the guns.

The following day the sheriff's department asked Lobetti to come to the station house. While there, the witness related, he found out that Mr. Arnhart wanted to put him in the penitentiary. Lobetti then sought legal advice before answering any questions. After obtaining advice he gave a detailed statement as to the activities as outlined. The record further reflects that the witness had been an honorary deputy sheriff.

The record further reflects that the witness was subpoenaed and testified before the Knox County Grand Jury.

The defendant testified in his own defense to the effect that he had known Lobetti for a number of years and that his testimony about the guns was a lie. There was no other proof offered by the defendant.

We think the evidence as narrated is sufficient to sustain the verdict. The jury has resolved the diametrically opposite testimony of Lobetti and Abbott. We are not free here to reevaluate their findings. See State v. Grace, Tenn., 493 S.W.2d 474, 476. The assignment pertaining to the sufficiency of the evidence is overruled.

The defendant urges that the trial court erred in not finding, as a matter of law, that the witness Lobetti was an accomplice; and that the trial court erred in not charging the jury on how to receive the testimony of an accomplice. We hold that the trial court was not in error in refusing to find Lobetti an accomplice as a matter of law. The reasons for this will become apparent in our discussion of the second

part of this assignment concerning the failure of the trial court to charge the jury on the accomplice issue. A timely request for this charge was submitted and denied by the trial court. See T.C.A. § 40–2517.

■ We think that the learned trial court erred in not instructing the jury, as requested, and how to receive the testimony of the witness, Lobetti. The witness admits: (1) knowledge that the guns were stolen; (2) contacting anonymously the owner; (3) arranging the transfer of the guns into his possession; (4) paying the defendant for the guns in the amount of $1,500 in small bills; (5) not reporting his knowledge about the guns to the sheriff when he called and inquired as to who from the vicinity had had guns stolen; (6) his reluctance to give a statement. These facts and circumstances, shown in this record, as we view it, raised a jury question as to whether or not the witness voluntarily and in concert with the defendant furthered the offense of concealing stolen property so as to make him an accomplice as defined in Clapp v. State, 94 Tenn. 186, 194, 195, 30 S.W. 214. When the facts are clear and undisputed there is no doubt but that the question concerning whether a witness is an accomplice or not is a question of law for the court. But when, as in the present case, the facts as to the witness Lobetti's complicity are disputed and susceptible of different inferences, it is a question of fact for the jury. See Ripley v. State, 189 Tenn. 681, 686, 227 S.W.2d 26, 29; Hicks v. State, 126 Tenn. 359, 363, 149 S.W. 1055. We do not think that the trial court was relieved in his duty to charge the jury on the law pertaining to accomplices simply because the defendant took the stand and denied the offense. See Ripley v. State, supra.

In short, as we view it, the acts of Lobetti may have been of the noblest intent. However, the jury should have been instructed on how to weigh his testimony, if they found as fact that he was an accomplice. We are satisfied that his acts, if they were done with guilty knowledge (jury question) bring him within the offense of concealing as defined in Jones v. State, 219 Tenn. 228, 234–235, 409 S.W.2d 169, and it is for the commission of this offense that the defendant now stands before this court, under the presumption of guilt. The assignment having merit, we reverse the judgment of the trial court for failure to charge the jury the law on receiving the testimony of an accomplice. See Ripley v. State, supra.

■ We also think that the learned trial judge should have allowed the defendant to question Lobetti as to why he sought out the advice of the other learned trial judge of Knox County. This, as we see it, cast no reflection whatsoever on the honorable judge. It was material, however, to show or explain the actions of Lobetti, as to whether his participation in the offense was with the requisite and necessary criminal intent as opposed to the intent, as he styles it, to help another gun collector get his guns back. This assignment has merit.

■ He next contends that the admission of certain hearsay statements was prejudicial. We think the hearsay testimony of the prosecuting witness Arnhart pertaining to his investigation and uncovering of certain facts did affect the results of this trial. It allowed the jury to evaluate as fact Arnhart's hearsay testimony that he knew Abbott had the guns in his apartment. With this before the jury it was the sole and only evidence linking Abbott to the theft of the guns independent of the testimony of Lobetti. It denied Abbott his constitutional guarantee of confrontation. There is merit in this assignment in this light and the assignment of error is sustained.

In conclusion, the assignments urged as to the verdict being contrary to the law are sustained. In short, the assignments of error pertaining to the questions of law having been sustained, we reverse the judgment of the trial court.

WALKER, P. J., and GALBREATH, J., concur.