Jacob BETHANY, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Feb. 2, 1978.

Certiorari Denied by Supreme Court
May 1, 1978.

J. Klyne Lauderback, Bristol, for appellant.

Brooks McLemore, Jr., State's Atty. Gen., Robert L. Jolley, Jr., Asst. State's Atty. Gen., Nashville, R. Jerry Beck, Michael May, Asst. Dist. Attys. Gen., Blountville, for appellee.

## OPINION

BYERS, Judge.

The Appellant was convicted on six charges of committing a crime against nature (fellatio) and sentenced to serve not less than ten (10) years nor more than fifteen (15) years in the penitentiary on each count. Three of the sentences were ordered to be served consecutively and three concurrently which effected a sentence of not less than thirty (30) nor more than forty-five (45) years.

The Appellant, a scoutmaster, engaged in acts of fellatio with six of seven young boys he took on a camp-out. Two of these boys were older than twelve and the rest were twelve or younger. Three or four of these boys committed acts of fellatio upon each other. One of the boys did not engage in any act of fellatio with anyone.

The Appellant has assigned six errors. Two of the errors complain of the court's refusal to give requested charges to the jury; one says the court should have declared a mistrial because of the State's argument to the jury, their questioning of a witness and the bringing of several of the boys back into the courtroom for this wit-

ness to identify; two of the assignments attack the sufficiency of the evidence, particularly claiming that there is no corroboration of accomplice testimony to support the verdict; and, one assignment says the trial court erred in not running all the sentences concurrently.

The judgments are affirmed.

■■■ The trial judge refused to charge the special request submitted by the Appellant because he had covered these matters in his general charge to the jury. We have examined these requests and the charge given by the trial judge and agree that he accurately charged the law. There was no requirement, therefore, that he give the charges requested. *Bostick v. State*, 210 Tenn. 620, 360 S.W.2d 472 (1962). Additionally, one of the charges sought to have the court instruct the jury that all of the boys, as a matter of law, were accomplices in all cases if the act of fellatio was committed on them as alleged. This was not an accurate statement of the law in this case and the trial judge was not required to give the charge. *Raine v. State*, 143 Tenn. 168, 226 S.W. 189 (1920).

■■■ The Appellant complains because the Assistant District Attorney General stated that a witness had been mistaken in the identification of one of the boys who was on the camp-out. The evidence showed some confusion by the witness on the identification of one of the boys who was on the camp-out. The argument by the prosecution to the jury was supported by the evidence and was thus proper. The questioning of the witness, which is another basis for the mistrial motion, was to clear up the confusion by the witness on the identification of the boy as was the bringing of the boys back into the courtroom. This was not improper, and the trial judge properly denied the motion for a mistrial.

The Appellant's most strenuous complaint is a claim that each of the young boys involved in these separate charges were accomplices in all of the offenses and that no independent evidence was introduced to corroborate their testimony.

The Appellant relies upon *Sherrill v. State*, 204 Tenn. 427, 321 S.W.2d 811 (1959), and *Boulton v. State*, 214 Tenn. 94, 377 S.W.2d 936 (1964). In response to this, the State says that T.C.A. § 39-606 has changed the rule of *Sherrill* which holds that a participant in a crime against nature is an accomplice and further says that, even if this rule has not been changed, there is sufficient corroborative evidence of the accomplices' testimony to support the verdict.

We do not agree with the State that T.C.A. § 39-606 has changed the *Sherrill* rule. However, we think the facts in the case before us are materially different from the facts in *Sherrill* and *Boulton*, supra, and find that there is sufficient corroboration of the alleged accomplices' testimony to support the verdict of the jury.

■■■ The portion of T.C.A. § 39-606 which the State insists changed the *Sherrill* rule is an amendment to that statute passed by the Tennessee Legislature in 1969 and is as follows:

"Any male or female under the age of twelve (12) years who shall be unlawfully sexually molested or fondled under the provisions of this section is declared to be not an accomplice of the person charged with the violation of this section."

The State says that the act should be construed in pari-materia with T.C.A. § 39-707 because they construe T.C.A. § 39-606 to have the general purpose of establishing that a child under twelve is not an accomplice in any sexually related offense in which he participates. Although this state has adopted the general rule that statutes relating to the same subject or having the same general purpose shall be construed in pari-materia, *Gates v. Long*, 172 Tenn. 471, 113 S.W.2d 388 (1938), we do not think that the amended portion of T.C.A. § 39-606 falls within the same subject, or has the same general purpose, as T.C.A. § 39-707, crimes against nature.

■■■ The amendment to T.C.A. § 39-606 deals with a specific subject—assault and battery upon a female under the age of twelve with the intent to unlawfully sexu-

ally molest or fondle her, and assault and battery upon any male under the age of twelve years with intent to unlawfully sexually fondle him. T.C.A. § 39–707, on the other hand, proscribes an act which may be committed by adults with other adults or by adults with children. To construe these acts in pari-materia would be a strained and unintended construction.

Even though we do not apply T.C.A. § 39–606 in this case on the question of the accomplices' testimony, the Appellant's reliance on *Sherrill* and *Boulton* is not supported by the facts in this case. In *Sherrill* the defendant was prosecuted for a single act performed by two boys. In *Boulton* the defendant was prosecuted for a single act performed against one boy. In each of those cases, the only evidence presented was the testimony of the participants in the crime.

In the case *sub judice*, the Appellant was prosecuted for six separate acts of fellatio committed against six different boys. The evidence presented in the case came from each of the boys concerning the commission of the act against him individually and the testimony of the boys describing the commission of the offense by the Appellant on other boys in the group.

■ The question of who determines whether a person is an accomplice depends upon the facts of each case. When the facts of a witness' participation in a crime are clear and undisputed it is a question of law for the court to decide. When such facts are in dispute or susceptible of an inference that a witness may or may not be an accomplice, it then becomes a question of fact for the jury to decide. *Conner v. State*, 531 S.W.2d 119 (Tenn.Cr.App.1975); *Abbott v. State*, 508 S.W.2d 801 (Tenn.Cr. App.1974); *Ripley v. State*, 189 Tenn. 681, 227 S.W.2d 26 (1950).

■ In *Sherrill* and *Boulton*, the witnesses were accomplices as a matter of law. In the case before us, each witness who testified about the act committed by the Appellant against him was an accomplice in that case as a matter of law. However, whether

the witnesses upon whom the Appellant committed fellatio were accomplices in the separate acts of fellatio upon the other boys is susceptible of an inference that they were not, and it thus became a question for the jury to determine under a proper charge by the trial judge.

■ In determining if a witness is an accomplice, the jury must determine whether such witness knowingly, voluntarily, and with common intent united with the principal offender to commit the offense or offenses under investigation. *Monts v. State*, 214 Tenn. 171, 379 S.W.2d 34 (1964); *Conner v. State*, supra.

■ If the jury found that each of the boys were accomplices in each of the offenses, before the Appellant could be convicted on their testimony alone, there would have had to have been some testimony independently given which corroborated the testimony of the accomplices and which showed that a crime had been committed and the connection of the accused therewith. *Hawkins v. State*, 4 Tenn.Cr.App. 121, 469 S.W.2d 515 (1971). If, on the other hand, the jury found each boy not to be an accomplice in the criminal episode involving the other boys, the jury could give their testimony concerning the act not involving them the same weight as the testimony of any other witness, without a requirement that it be corroborated.

The trial judge gave a very good and complete charge to the jury in this case on the applicable law on the issue of whether any of the witnesses were or were not accomplices and on how to weigh their testimony upon determining whether they were or were not accomplices. We are unable to say, of course, how the jury resolved the issue. If they found that the boys were not accomplices, the record in this case supports that finding. On the other hand, if they found that the boys were accomplices, the record in this case sufficiently corroborates their testimony to sustain the conviction. *Hicks v. State*, 126 Tenn. 359, 149 S.W. 1055 (1912).

■ The general rule is that there must be some fact testified to, entirely independent of an accomplice's testimony which, taken by itself, leads to an inference, not only that a crime has been committed, but that the accused is implicated therein. *State v. Fowler*, 213 Tenn. 239, 373 S.W.2d 460 (1963). Only slight circumstances may be sufficient to furnish the necessary corroboration. *Garton v. State*, 206 Tenn. 79, 332 S.W.2d 169 (1960); *Alexander v. State*, 190 Tenn. 260, 229 S.W.2d 331 (1950).

■ We reach the conclusion that there was sufficient corroborating evidence from the testimony of a seventh boy who was present when these criminal offenses were committed. The Appellant did not commit any offense against this boy nor did this boy commit any offense against the Appellant or any of the other boys. The record clearly shows that he refused to participate in any criminal episode. This boy testified that he saw the Appellant commit fellatio upon four of the six boys upon whom the offense was committed. Clearly, his testimony corroborated the testimony of the witnesses as to these four offenses.

We are of the opinion that the testimony of the witness, clearly not an accomplice in the offenses, that he saw the Appellant commit four of the offenses, could be considered as corroborating evidence by the jury in determining whether the Appellant had committed the other two offenses not observed by this witness.

■ With what we have said concerning the issue of the accomplices' testimony it is apparent that the Appellant has failed to show that the trial court should have directed a verdict of acquittal. *Taylor v. State*, 2 Tenn.Cr.App. 459, 455 S.W.2d 168 (1970). Nor has he demonstrated that the evidence preponderates against the verdict of the jury. *State v. Grace*, 493 S.W.2d 474 (Tenn. 1973).

■ We see no abuse of discretion on the part of the trial judge in not running all of the sentences in this case concurrently. The trial judge set forth his reasons for running a portion of the sentences consecu-tively. He found that the Appellant formed an organization of small boys for the purposes of engaging them in homosexual activity and that he purchased for them alcoholic beverages and tobacco. The trial judge concluded that the Appellant did not precisely fit into any of the guidelines of *Gray v. State*, 538 S.W.2d 391 (Tenn.1976). However, he concluded, based upon the medical reports which he was asked to consider in the sentencing process, and upon the facts in the case, that the Appellant was closely identified with the description of a dangerous, mentally abnormal person and a dangerous offender. The trial judge was of the opinion that the Appellant was dangerous to young boys and extended incarceration was required to protect them from the Appellant's likelihood of committing further similar crimes.

We do not think *Gray* intended to precisely define every possible factual situation which would authorize consecutive sentences. The guidelines therein set out are sufficiently broad to encompass the factual situation in this case. The trial court complied with the *Gray* requirements and we affirm his judgment thereon.

GALBREATH and DUNCAN, JJ., concur.

GALBREATH, Judge, concurring in part and dissenting in part.

I must, in part, dissent. The evidence established that the defendant, a scoutmaster, engaged in numerous acts of fellatio with all but one of seven sub-teenage and teenage boys he took on an overnight campout. Although it appears that all of the acts were voluntary, the children under the age of twelve could not be deemed accomplices so as to require corroboration of their testimony under the rule set out in *Sherrill v. State*, 204 Tenn. 427, 321 S.W.2d 811 (1959). Appellant's contention to the contrary, in my view, fails since T.C.A. § 39–606 specifically declares that any child under the age of twelve who is "unlawfully sexually molested or fondled . . . is declared to be not an accomplice of the person charged . . . ." I would agree

with the State's contention, and thus am at odds with the majority's view on this issue. While our crime against nature statute is much more general than the provisions of T.C.A. § 39–606, so general as a matter of fact that its limits have never been defined with exactitude (see Locke v. State, 501 S.W.2d 826 (1973)), still it is inescapable that the act of sexual deviation committed by the defendant included an assault and battery against male children including fondling. Those so victimized, under the law, cannot be considered accomplices.

As did the majority, I have carefully reviewed the evidence and all of the assignments pertaining thereto, as well as the charge of the court to the jury, and find them to be unmeritorious.

I would, however, sustain the appellant's assignment of error to the action of the court in ordering three of the sentences to be served consecutively. The trial judge himself recognized that recent guidelines set down by our Supreme Court for the guidance of trial judges in determining how multiple sentences should be ordered served did not suggest consecutive sentences in this case. See Gray v. State, 538 S.W.2d 391 (Tenn.1976). Because of the loathsome nature of the crimes involved, it is apparent that the sensibilities of the trial judge lead him to go outside these guidelines. As he stated in the record:

> I've heard all the evidence and considering all the guidelines and as I say this strictly doesn't fall within any guideline set out by the Supreme Court that would authorize me to make consecutive sentences, however, I don't think the Supreme Court intended that this defendant could commit one homosexual act on a child, then he could commit as many others as he pleased before he was brought to trial, and that there be no additional——that there could be no additional punishment. I hope the Supreme Court did not mean that. I think this man is dangerous to young children. I think on the record I've heard that he is. I think that although he doesn't qualify for the perhaps abnormality to the degree that the

guidelines state that that guideline is also applicable.

The unfortunate nature of the criminal activity involved is such that it is generally a repetitive activity that may go on for months or even years before detection and prosecution. It might be that a practicing homosexual might have illicit relations with hundreds of willing partners before being made aware by public denouncement and prosecution just how serious an offense his sexual deviation has lead him to commit time and time again. It is to be supposed that now the defendant, apparently with no other criminal background, does know how serious may be the consequences if he repeats his crime. After ten or fifteen years of incarceration, the lesson should be painfully learned.

I agree with the trial judge that the appellant's situation does not fit within the guidelines established by the Supreme Court:

> Essentially, a consecutive sentence should be imposed only after a finding by the trial judge that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant.

> Types of offenders for which consecutive sentencing should be reserved may be classified as follows: (1) the persistent offender, defined as one who has previously been convicted of two felonies or of one felony and two misdemeanors committed at different times when he was over eighteen (18) years of age; (2) the professional criminal, one who has knowingly devoted himself to criminal acts as a major source of livelihood or who has substantial income or resources not shown to be derived from a source other than criminal activity; (3) the multiple offender, one whose record of criminal activity is extensive; (4) the dangerous mentally abnormal person, so declared by a competent psychiatrist who concludes as a result of a presentence investigation that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior or by persist-

ent aggressive behavior with heedless indifference to consequences, and (5) the dangerous offender . . .. *Gray v. State, supra* at p. 393.

A judge cannot disregard these guidelines, no matter how abhorrent he may personally view the non-violent criminal activity involved.

I would affirm the judgement but modify it to provide that all sentences be served concurrently.