IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT  KNOXVILLE
Assigned on Briefs January 22, 2015

## STATE OF TENNESSEE v.   JUSTIN ALLEN STRATTON

### Appeal from the Criminal Court for Washington County
No. 37485      Robert E. Cupp, Judge

---

### No. E2014-00816-CCA-R3-CD – Filed April 17, 2015

---

D. Kelly Thomas, Jr., J., concurring.

I write separately because I respectfully disagree with that portion of the majority's opinion which concludes that the facts relevant to the issue whether the three co-defendants were accomplices are subject to only one interpretation.  In my mind, the following facts at least raise the inference that Ms. Holtsclaw was an accomplice.

On the day in question, Ms. Holtsclaw was drinking heavily and "partying" with the Defendant.  Ms. Holtsclaw saw the Defendant leaving Numan's as she was entering the bar, and she noticed that the Defendant was angry.  The victim was also at Numan's at the time and eventually left the bar with Ms. Holtsclaw and Ms. Harold.  Ms. Holtsclaw suggested that the Defendant and Mr. Phillips meet herself, the victim, and Ms. Harold at Sunoco.  However, after arriving at Sunoco, Ms. Holtsclaw saw the Defendant, who was driving an SUV that she did not recognize, parked behind a car wash near the gas station.  She testified that the Defendant was "apparently following" them.

Ms. Holtsclaw spoke with the Defendant on his cell phone, and when Ms. Holtsclaw, the victim, and Ms. Harold left Sunoco, the Defendant continued to follow them on back roads in a remote area of the county.  The Defendant flashed his lights and blew the SUV's horn, apparently signaling Ms. Holtsclaw to pull the car over, which she did.  She knew the Defendant had a gun as well as "the kind of things the Defendant did."  Ms. Holtsclaw said that she "had an idea" of what was going to happen when she pulled over.  After the Defendant shot the victim, Ms. Holtsclaw drove from the scene straight to the Defendant's mother's house.  She then traveled with the Defendant to a motel, where she and the others stayed "off and on" for several days.  Ms. Holtsclaw was originally a co-defendant in the case and was charged with first degree murder, although she testified that she had accepted a guilty plea for facilitating armed robbery in exchange for her testimony against the Defendant.

Because I believe that there were sufficient facts from which the jury could infer that Ms. Holtsclaw was an accomplice, the jury should have been charged accordingly. See Ripley v. State, 227 S.W.2d 26, 29 (Tenn. 1950). However, I do not believe that plain error review is necessary in this particular case because, at least with respect to Ms. Harold, there was no evidence that she was an accomplice, and her testimony corroborated Ms. Holtsclaw's testimony.

_____
D. KELLY THOMAS, JR., JUDGE