## NORMAN D. BINKLEY, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. July 11, 1968.

Certiorari Denied by Supreme Court Dec. 2, 1968.

James H. Bateman, Nashville, for plaintiff in error.

George F. McCanless, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Clark H. Tidwell, Asst. Dist. Atty. Gen., Nashville, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant below, Norman D. Binkley, and one James Vernon Warfield were jointly indicted for an attempt to commit grand larceny. The trial resulted in the conviction of each. In accordance with the jury's verdict, the trial court fixed the defendant's punishment at one to three years in the penitentiary and that of his codefendant, Warfield, at a fine of $50 and eleven months and twenty-nine days in the Davidson County Workhouse. Both filed motions for new trial which were overruled and prayed appeals to this court. Warfield has withdrawn his appeal, and the record is before us only with respect to the defendant, Binkley.

The defendant contends first that his conviction was based on the uncorroborated testimony of his codefendant, Warfield.

The defendant, Warfield, and Bobby Taylor were employees at the Morris Furniture Company Warehouse in the City of Nashville. These three and the defendant's brother rode to work that day in Warfield's Chevrolet automobile. Warfield asked the defendant to bring his mechanic's tools to help install a gear shift during the noon hour.

They moved the car into the warhouse building at noon on the day in question, November 1, 1966. After they had worked on it for some time, Taylor asked per-

mission of the warehouse supervisor, Mr. Oliver Duke, to take the car to the Sure-Fit Company for additional work. The defendant says that they had purchased Ford parts which would not fit Warfield's automobile. Mr. Duke gave this permission. The defendant had partly raised the door to let Taylor back the car out. At this time, Mr. Duke raised the trunk lid and found several items of property belonging to the furniture company. This included three shotguns, three rifles, a clock radio and an electric knife. The trunk had been open a short time before and Mr. Duke saw that no merchandise was in it then.

Mr. Duke asked the defendant if he knew anything about the merchandise in the car or from where it came. The defendant did not reply but walked away. Both Taylor and Warfield denied any knowledge of the property. The defendant and Warfield were arrested and charged with the offense; Taylor was never charged.

The defendant testified that he was under the car during the time it was in the warehouse and had no knowledge of how the merchandise got in the trunk compartment. He says he did not want to get involved. When asked by the supervisor where the property came from, he testified: "He asked me where it came from and I just walked off, 'cause it was there. It's none of my business where it came from. I don't get paid to do detective work."

In testifying in his own behalf, Warfield said that he saw the defendant putting two long boxes in the trunk of the car shortly before Mr. Duke found them. He denied any part of the offense.

In their investigation, the Metropolitan Police Department found three latent fingerprints on the cartons, only one of which proved to be of sufficient quality to be usable. This fingerprint was identified as that of the defendant, but he was an employee of the warehouse with the duty of handling and storing merchandise, as well as loading it for shipment. The presence of his fingerprint on a carton cannot be considered as corroborating Warfield's testimony.

Our Supreme Court has repeatedly held that slight circumstances may furnish the necessary corroboration of an accomplice's testimony. Alexander v. State, 190 Tenn. 260, 229 S.W.2d 331; Garton v. State, 206 Tenn. 79, 332 S.W. 2d 169.

In Stanley v. State, 189 Tenn. 110, 222 S.W. 2d 384, the Court said:

"(1) The sufficiency of evidence required to corroborate an accomplice is well set forth in Clapp v. State, 94 Tenn. 186, 30 S.W. 214, 217, as follows:

'The degree of evidence which shall be deemed sufficient to corroborate the testimony of the accomplice is for the determination of the jury. The the law is complied with if there is some other evidence fairly tending to connect the defendant with the commission of the crime, so that his conviction will not rest entirely upon the evidence of the accomplice.'

"(2, 3) This Court has likewise held that rather slight circumstances may be sufficient to furnish necessary corroboration. Winfree v. State, 174 Tenn. 72, 123 S.W.2d 827. The sufficiency of corroborating

evidence where the testimony of an accomplice is in the main depended upon, depends upon the particular facts of each case. The weight of this testimony, that is, of the accomplice, corroborating the accomplice are ordinarily questions for the jury to determine. 'That is to say, when the trial judge finds that there is some corroborative evidence, it is his duty to submit it to the jury for them to say, first, whether it is worthy of belief, and secondly, whether, if true it tended to connect the defendant with the commission of the crime charged. It is not necessary to show by independent proof a link between the accomplice's testimony and corroborative proof; when the proof claimed to be corroborative tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy a jury that the accomplice is telling the truth, it is sufficient. For this purpose, if the accomplice is corroborated as to some material fact or facts, the jury may from that infer that he speaks the truth as to all.' Wharton's Criminal Evidence, Vol. 2, Section 754, page 1272.

"(4) It is not necessary that the corroboration extend to every part of the accomplice's evidence. The same authority last above quoted from says,

'The corroboration need not be conclusive, but it is sufficient if this evidence, of itself, tends to connect the defendant with the commission of the offense, although the evidence is slight, and entitled, when standing by itself, to but little consideration. Moreover, if the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of

law, that the verdict is contrary to the evidence.' Section 753, page 1271, supra.

\* \* \* \* \* \*

"(6) These proven facts certainly entitled the jury to draw reasonable inferences therefrom and this Court will not substitute its judgment or inferences from these proven facts, this being a function of the jury. Foster v. State, 180 Tenn. 164, 172 S.W.2d 1003."

■ The entire conduct of the accused may be looked to for the corroborating circumstances; and if, from those circumstances, the crime may fairly be inferred, the corroboration is sufficient. See 23 C.J.S. Criminal Law § 812(4).

■ We think that the testimony of the accomplice in this case is sufficiently corroborated by the facts and circumstances from which the jury was well warranted in inferring that the accomplice spoke the truth, and that there is ample evidence tending to connect the defendant with the attempted theft of the merchandise. All the circumstances indicate that the three men were working together on the endeavor. This assignment is overruled.

■ The defendant contends that the merchandise was found as a result of an unlawful search and seizure. The constitutional and statutory provisions relied upon can only be invoked in this way to protect the citizen against the activities of the government. The trunk was not searched by an agency of the State or Federal government. Hughes v. State, 145 Tenn. 544, 238 S.W. 588, 20 A.L.R. 639.

The defendant says that, if he was guilty of anything under the State's theory, it was of a violation of the shoplifting statute, which is a misdemeanor, rather than an attempt to commit grand larceny.

T.C.A. Section 39-4235, says:

"Shoplifting—Penalty.—Any person who shall willfully take possession of any goods, wares or merchandise offered for sale by any store or other mercantile establishment with the intention of converting the same to his own use without paying the purchase price thereof, shall be guilty of the offense of shoplifting and shall be punished by a fine of not more than three hundred dollars ($300) or imprisonment for not more than six (6) months, or both.

"Any person found guilty of a second offense of shoplifting as defined in the preceding paragraph, shall be punished by a fine of not more than five hundred dollars ($500) or imprisonment for not more than one (1) year, or both.

"Any person found guilty of a third offense of shoplifting shall be punished by imprisonment for not less than one (1) year nor more than five (5) years."

■ The proof showed that this was a large warehouse containing about 60,000 square feet and was operated for the purpose of supplying the company's retail outlets in other parts of the city. There were sixteen employees, of whom ten or twelve worked as drivers and helpers on the delivery trucks. Four or five of the employees filled the orders to have them ready when the trucks came in. Customers were not invited

to the warehouse to buy goods, and the more valuable items were kept locked with access limited to employees. We do not think that this merchandise was offered for sale by a store or mercantile establishment within the contemplation of the shoplifting statute, and that the indictment was properly brought for an attempt to commit larceny. This assignment is overruled.

The judgment is affirmed.

OLIVER and GILLIAM, JJ., concur.