586

## HENRY SANDERS CAMPBELL and JAMES S. CRAWLEY, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. Aug. 14, 1969.

Certiorari Denied by Supreme Court Dec. 1, 1969.

Hugh W. Stanton, Jr., Memphis, for plaintiffs in error.

George F. McCanless, Atty. Gen., Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, Ewell C. Richardson and Billy F. Gray, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendants below, Campbell and Crawley, were indicted for robbery with a deadly weapon. Following their pleas of not guilty, they were convicted and each sentenced to ten years' imprisonment.

The State's proof showed that on February 15, 1968, the defendants and two juveniles, Napoleon Morrell and Thomas Eugene Brown, met at the home of one Geraldine White and planned the robbery of a Memphis grocery store owned by Curtis Medlock. They left her home between 7:00 and 9:30 P.M. in Campbell's black 1957 Ford Fairlane automobile with a gold strip on its side.

About half a block from the store, the juveniles got out of the car and waited with the car. The defendants proceeded to the store, where Medlock was about to leave in his automobile with the day's receipts, about $300 in cash and $200 in checks. One of the defendants went to the door of the car, held a gun on Medlock while the other stood at the front fender. Medlock identified Campbell as the one at the front of the car; he could not identify Crawley. The juveniles say that Campbell held the pistol while Crawley was at the front. The defendants robbed Medlock of the bag and ran to the car; all four drove away in it.

Hunter Cross, whose store had previously been robbed, saw the incident and followed them in his car through a number of streets in East Memphis. The defendants realized he was pursuing them and finally eluded him

after a lengthy chase. He reported to the police the description of the car and Medlock reported the robbery to them with a description of the jackets worn by the robbers.

Lieutenant Jack L. Ammons of the Memphis Police Department and his partner found a car fitting that description parked in front of a house in the general vicinity of the crime. He found that the owner of the car frequented this house where Geraldine White lived. When Lieutenant Ammons knocked on the door, Campbell answered and said he did not live there but that he owned the automobile and that he loaned it. The officers asked permission to come in the house and Campbell opened the door. On entering the front room, they saw a jacket like one worn in a similar robbery of another grocery store, the Food Circus. They arrested Campbell for the robbery and gave him *Miranda* warnings. Following the arrest, they searched a closet and found a pistol and also found another jacket in the next room.

The juveniles testified to facts of robbery, the chase, and the division of the proceeds of the crime. Both defendants testified and denied any connection with the robbery. Crawley said he was sick that day, watched television that night and went to bed. Campbell says he loaned his car to Morrell. Both denied owning the jackets or ever wearing them. Campbell said he saw the pistol for the first time at the time of his arrest.

The defendants contend that Campbell's in-court identification by Medlock was inadmissible because of an improper lineup. Before the lineup, Campbell asked

for a particular attorney, and the officers sent for him. On his arrival, the attorney told the officers to proceed with the lineup and that it would not be necessary for him to remain. Campbell had declined to sign a waiver of counsel.

At a hearing out of the presence of the jury, the trial judge sustained Campbell's motion to exclude the evidence of the lineup and held it inadmissible. The trial judge found from the proof that Medlock had an ample opportunity in good light to observe Campbell at the robbery; that Campbell had a distinctive face and that Medlock's in-court identification was admissible.

■ United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, makes the right to counsel an integral part of the lineup procedure and the trial judge properly held the lineup inadmissible.

■ ■ *Wade* requires only that in-court identifications have an independent basis free of the tainted lineup and that the prosecution is not permitted to introduce any evidence as to the lineup, except in response to evidence adduced or testimony elicited by the defense. Medlock's at-trial identification had a substantial independent basis, and that trial judge's ruling was correct.

The defendants say that Campbell's arrest without a warrant was unlawful and the pistol and two jackets were inadmissible as a result of an unreasonable search and seizure.

■ ■ The officers here had probable cause to arrest Campbell for the commission of a felony. T.C.A. 40-803; Jones v. State, 161 Tenn. 370, 33 S.W.2d 59; Fox

v. State, 214 Tenn. 694, 383 S.W.2d 25. Reasonable cause or probable cause is such as would justify a reasonable man in believing that the person arrested was guilty of a felony. The facts and circumstances and the information on which the officers acted was sufficient to warrant a reasonable man in believing that Crawford had committed the robbery of Medlock. The arrest was, therefore, lawful.

■ Since the arrest was lawful, the search was lawful. One may be lawfully searched in his person or premises without a warrant provided the search is incident to the arrest. White v. State, 210 Tenn. 78, 356 S.W.2d 411. The facts and circumstances and the total atmosphere of this case warranted this search.

■ The defendants say the testimony of their accomplices, Morrell and Brown, was uncorroborated. These accomplices testified that they were the two persons waiting for the defendants. Cross saw the defendants join two others and leave in the car. Cross further corroborates them as to the route the defendants took through Memphis as he pursued the robbers. Moreover, Geraldine White corroborates their testimony that they left her house with the defendants shortly before the robbery. The testimony of an accomplice is sufficiently corroborated if there is some other evidence fairly tending to connect the defendant with the commission of the crime so that the conviction will not rest entirely upon the evidence of the accomplice. Binkley v. State, Tenn.Cr.App., 434 S.W.2d 336.

■ We think the testimony of the accomplices in this case is sufficiently corroborated by the facts and

circumstances from which the jury was well warranted in inferring that they spoke the truth. This assignment is overruled.

■ The defendants say that the verdict of the jury is void for vagueness and uncertainty. It is:

"WE THE JURY FIND THE DEFENDANTS GUILTY AND SET THEIR SENTENCE AT TEN (10) YEARS IN THE STATE PENITENTIARY."

On the verdict the trial judge sentenced them to be confined in the State penitentiary for that time.

The trial judge instructed the jury on only one offense —that of robbery with a deadly weapon. The defendants did not request instructions on any lesser included offense and that question was not before them or in issue. The jury rejected the defendants' defense of alibi. Furthermore, this assignment was not brought to the attention of the trial judge in the motion for new trial. It is overruled.

All assignments have been fully considered and they are overruled.

The judgment of the lower court is affirmed.

Judge GALBREATH did not participate in the decision of this case.

This case was heard and submitted to the Court prior to the enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

OLIVER, J., concurs.