## L. B. BRITT, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. Nov. 14, 1969.

Certiorari Denied by Supreme Court Jan. 19, 1970.

Ray H. Dover, Chattanooga, for plaintiff in error.

George F. McCanless, Atty. Gen., Lance D. Evans, Asst. Atty. Gen., Nashville, Tom J. Taylor, Dist. Atty. Gen., Athens, for defendant in error.

## OPINION

DWYER, Judge.

L. B. Britt appeals from a conviction of committing the offense of incest. A jury in the McMinn County Criminal Court fixed his punishment at confinement for not more than twenty-one years in the State Penitentiary.

A relation of facts necessary to properly evaluate his assignments of error reflect the following in this record. Sue Howell, his stepdaughter and prosecutrix, testified that she had relations with the defendant at the L & N Dam, two miles from Etowah in McMinn County. She further related that the last time he had relations with her she was sixteen; that he had been having relations with her on the average of two times a month since she was nine years old. On or about May 21, 1968, she and her stepsister, a Mrs. Judy Burris, ran away from home while their parents were out of town because they could not date some boys who were not acceptable to the parents. She relates they went to Knoxville and Judy Burris' boy friend, now her husband, came after

them with a deputy sheriff and returned them to Etowah. She informed the authorities there about the incestuous relationship that existed between her and her stepfather, which brought about the arrest and conviction of the defendant. Mrs. Judy Burris, formerly Miss Judy Britt, daughter of the defendant, testified that Sue had told her about having relations with her father and one time she had seen her father on top of Sue in bed. She related this had occurred some years prior when she was twelve and the family lived in North Carolina; that she had on occasions heard her father creep into Sue's bedroom and heard Sue say to leave her alone. She didn't report this because she was afraid to do so. A Dr. Helen Richards testified that a pelvic examination of Sue Howell revealed she had been having intercourse for years.

The defendant testified he absolutely denied engaging in intercourse with his stepdaughter. Mrs. Juanita Britt, mother of Sue Howell and the wife of the defendant, related Sue had never complained to her of having relations with her stepfather. She denied being drunk around the children as related by Sue; further she never suspected any improper behavior existing in the home. Mrs. Alma Lewis testified that Sue Howell had told her she wanted to drop the charges but the law wouldn't let her. The defendant called four character witnesses who testified to his good character. He called a fifth, Allen H. Lewis, employer of the defendant, and attempted to qualify him as a character witness. The Court interceded and disallowed the testimony, stating, "* * * You have already used all the character witnesses that I allow." The action of the trial judge in this respect is a basis for one of the assignments of error.

Defendant's assignments of error attacking the validity of his conviction are two.

■ 1. It was error for the trial court in the beginning of the trial, and before any testimony was submitted to the jury to announce to the parties that the Court would not permit more than four character witnesses. Defendant assigns this as error in this Court but did not make this as his assignment in his motion for a new trial. His assignment in his motion for a new trial is as follows:

IV. The defendant was not allowed sufficient character testimony, having been confined to the testimony of only four witnesses by the Court, the fifth witness, Mr. Allen Lewis was refused the privilege to testify by the Court, which testimony would have strengthened the defendant's position before the jury.

In Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385, our Supreme Court had this to say:

"* * * It is well settled that this Court will not consider an assignment of error based on the admission or exclusion of evidence unless timely objection and exception was made in the Trial Court and the Trial Court given an opportunity to make correction. Rule 14(5), 203 Tenn. 803, 805; Turner v. State, supra, 188 Tenn. 312, 322, 219 S.W.2d 188, 193; Nichols v. State, 200 Tenn. 65, 91-92, 289 S.W.2d 849, 860, and cases there cited."

Accordingly, defendant's first assignment of error is overruled.

2. It was error for the trial court in not directing a verdict of not guilty on the ground the prosecuting ac-

complice witness's testimony had not been corroborated.

Defendant's second assignment of error in which he relates the Court erred in failing to direct a verdict of not guilty on the ground that the State has failed to produce evidence to corroborate the testimony of the accomplice is considered and found to be without merit. A review of this record reflects that under the rule enunciated in Sherrill v. State, 204 Tenn. 427, 321 S.W.2d 811, we find she was an accomplice and therefore as a matter of law her testimony must be corroborated. In this record we find from the testimony of the defendant's daughter, Mrs. Judy Burris, wherein she related she heard the defendant tiptoeing into Sue Howell's bedroom and the bed moving, was corroboration sufficient to meet the test as enunciated in Sherrill v. State, *supra*:

> "Generally speaking, the sufficiency of corroborative evidence is a question for the jury, but whether there is any corroborative evidence tending to connect the defendant with the commission of the crime is a question for the Court.
>
>> 'Numerous cases are cited as authority for this statement. We have examined some of them. To us it is a sound practice to follow. We approve of the practice and so hold that when there is *any evidence* * * * *to corroborate the accomplice* then under proper instructions from the Court and the jury defining accomplices, etc., *this question should be submitted to the jury.* Where there is *no evidence* though to corroborate these accomplices it is a question of law for the Court.' " (emphasis supplied)

■ Our Supreme Court has repeatedly held that slight circumstances may furnish the necessary corroboration of an accomplice's testimony. Alexander v. State, 190 Tenn. 260, 229 S.W.2d 331; Garton v. State, 206 Tenn. 79, 332 S.W.2d 169.

"* * * It is not necessary to show by independent proof a link between the accomplice's testimony and corroborative proof; when the proof claimed to be corroborative tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy a jury that the accomplice is telling the truth, it is sufficient. For this purpose, if the accomplice is corroborated as to some material fact or facts, the jury may from that infer that he speaks the truth as to all." Wharton's Criminal Evidence, Vol. 2, § 754, p. 1272; Binkley v. State, Tenn., 434 S.W.2d 336.

■ There is also as we view it corroborative evidence of the testimony of Dr. Richards when she related prosecutrix' genital area was mature, suggesting intercourse for a considerable period of time. We therefore feel that in view of these proven related facts and as a review of the law shows that in regard to how the testimony of an accomplice should be received, it was not error for the Court to deny defendant's motion for a directed verdict. Under these facts and circumstances proven in the record, it was the duty of the trial court to submit this evidence for the consideration of the jury.

The assignments being overruled the judgment of the trial court is affirmed.

OLIVER and RUSSELL, JJ., concur.