BILLY BASTIN and JERRY EVANS, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.—470 S.W.2d 54

February 12, 1971.

Certiorari Denied by Supreme Court August 16, 1971.

Lloyd Tatum, Henderson, for plaintiffs in error.

David M. Pack, Attorney General, Robert H. Roberts, Assistant Attorney General, Nashville, Robert B. Smith, Assistant District Attorney General, Savannah, for defendant in error.

DWYER, J. Billy Bastin and Jerry Evans appeal from their conviction of burglary in the third degree with resulting punishment of confinement for not more than three years. They had been jointly indicted with three other defendants; namely, Bobby Weatherford, Issac Kilpatrick and Johnny Bivens. A motion for severance was well taken as to Evans, Bastin and Weatherford. The conviction of Bobby Weatherford is not before this court. The severed codefendant, Johnny Bivens, testified as a witness for the State. This witness's testimony is the crux of this appeal before the court. Bastin and Evans maintain that the accomplice's (Bivens) testimony does not and cannot meet the test of corroboration necessary to sustain this conviction. In order to properly evaluate their contention it will be necessary to summarize the factual situation found in this record.

In the early morning hours of March 5, 1969, the Garrett's Studio, a business house in Parsons, Tennessee, was burglarized. The amount of merchandise taken was valued at $6,500.00 and was in such quantity to have almost emptied the business house.

An investigation promptly made resulted in the discovery of certain items that had been burned in the

vicinity of defendant Evans' home. There were also a tape recorder and organ seen in the home of a Junior Jones. Other articles were found in a thicket in Henderson County.

The accomplice Johnny Bivens related that he met the defendants Bastin and Evans on the evening of March 4 in the Blue Moon Cafe. They were with a Bobby Weatherford and Issac Kilpatrick who are not before this court. He related further that they were sitting around drinking and decided to break into Garrett's Studio; that he borrowed a lug wrench from a Mr. Lee Tyler, who resided in Parson; that Billy Bastin on the evening was driving a tractor trailer type truck which belonged to the Fox Furniture Company of Linden, Tennessee, it appearing Bastin was an employee of that company. He related that they pulled alongside the studio and that Evans and Weatherford jimmied the door, with all parties loading the merchandise on the truck. He related that the merchandise was dispersed, some going in the trailer to Lexington, Tennessee, and some in a Buick in front of Evans' home. He took some and put in a thicket in Henderson County. He further related that he had seen a tape recorder and organ, which was the same merchandise taken, in Junior Jones' trailer in Lexington. This same recorder and organ were seen in the trailer by the investigating officer. He further related that some racks that held stereo tapes had been burned on the night of the burglary. These objects were found by the investigators. The investigating officers were called by the State, with the resulting testimony that they had seen the items in the trailer and the burned racks and found the merchandise in the thicket, all of which was

testified to by the accomplice Bivens. Two brothers called by the State related that one, on the evening of the burglary, had some kind of trouble with the defendant Evans and they together had been looking for him. In substance, both related they saw Evans, Bastin, the accomplice, and two others at the Blue Moon Cafe around midnight. They also noticed the truck and the white Mustang of the accomplice Bivens. They later on saw Evans driving the Mustang and still later viewed it in the service station being gassed. The attendant at the service station identified Evans and Bastin as being in the accomplice Bivens' Mustang around 2:00 a.m. the morning of the crime. Mr. Lee Tyler, testifying for the State, related that the accomplice Bivens had borrowed a lug wrench from him in the early morning hours of the burglary. The defendant Evans testified and denied participating in the burglary. He did relate he had seen Bivens on the night of the burglary at the Blue Moon Cafe; that he had been on a trip to Kansas and Missouri with Billy Bastin delivering furniture in the van owned by Fox Furniture; that he had asked the accomplice Bivens to take him home and that he had been in his Mustang that night; that the Dickson brothers had some conversation with them on that evening. The defendant Bastin did not testify and the other proof offered by the defense was to the effect that the accomplice Bivens had been permitted to leave the jail prior to the trial.

■ The assignments are threefold, but may be summed up thusly; that there is not a sufficiency of corroboration of the accomplice Bivens' testimony to sustain the judgment. They predicate their insistence on the proposition that taking the corroborative evidence

alone would not and does not suffice to connect the defendants with the burglary. What the defendants overlook is the proposition of law that it is for the jury to determine whether the corroborative evidence connects the defendants with the crime. In other words, when the court finds, as a matter of law, that there is some corroborative evidence he submits it to the jury to determine whether it is worthy of belief and whether it connects the defendants with the crime.

In Clapp v. State, 94 Tenn. 186, 195, 30 S.W. 214, 216, the following language may be found:

> "The rule is, that, to sufficiently corroborate the testimony of the accomplice, there should be some fact testified to, entirely independent of the accomplice's evidence, which, taken by itself, *leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it*. The corroboration must consist in some fact or circumstance that affects the identity of the party accused. (emphasis added)

* * * * * *

> *"The degree of evidence which shall be deemed sufficient to corroborate the testimony of the accomplice, is for the determination of the jury."* (emphasis added)

This has been the rule in this State and followed since the pronouncement of the Clapp v. State, *supra*, opinion in 1895.

In Garton v. State, 206 Tenn. 79, 332 S.W.2d 169. the following language may be found:

"'* * * The sufficiency of corroborating evidence where the testimony of the accomplice is in the main depended upon, depends upon the particular facts of each case. The weight of this testimony, that is, of the accomplice, corroborating the accomplice are ordinarily questions for the jury to determine. *'That is to say, when the trial judge finds that there is some corroborative evidence, it is his duty to submit it to the jury for them to say, first, whether it is worthy of belief, and secondly, whether, if true, tended to connect the defendant with the commission of the crime charged.* It is not necessary to show by independent proof a link between the accomplice's testimony and the corroborative proof; when the proof claimed to be corroborative tends to connect the defendant with the commission of the crime in such a way as *may reasonably satisfy a jury that the accomplice is telling the truth, it is sufficient.* For this purpose, if the accomplice is corroborated as to some material fact or facts, *the jury may from that infer that he speaks the truth as to all.'* Wharton's Criminal Evidence, Vol. 2, Section 754, page 1272." (emphasis added)

 The weight of the corroborating testimony and whether it connected the defendant with the crime are questions for the jury to determine. In other words, as we view this record, the facts and circumstances corroborating the accomplice's testimony are: (1) finding the burned object; (2) finding the merchandise in the thicket; (3) seeing the organ and recorder in Junior

Jones' trailer; (4) the accomplice being with the defendants on the night of the crime; (5) the defendant Evans admitting being with Bivens and Bastin; (6) the defendants being in possession of the tractor trailer truck; and (7) the amount of merchandise taken which necessitated a large vehicle to remove. As we view these proven facts and circumstances, we hold: (1) that the jury was well warranted in inferring the accomplice Bivens spoke the truth; and (2) that they were further warranted in inferring from the facts and circumstances that the defendants were connected with the burglary. See Binkley v. State, Tenn.Cr.App., 434 S.W.2d 336.

In view of our holding, the assignments pertaining to the sufficiency of the evidence are accordingly overruled.

The judgment is affirmed.

Russell and O'Brien, JJ., concur.