**Alphonso BOWERS, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

March 11, 1974.

Certiorari Denied by Supreme Court
June 17, 1974.

Jim D. Owen and Charles N. Rader, Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., and Bart Durham, Asst. Atty. Gen., Nashville, James L. Jones, Asst. Dist. Atty. Gen., Knoxville, for defendant in error.

## OPINION

GALBREATH, Judge.

From his conviction for armed robbery and the resulting penitentiary sentence of 15 years the plaintiff in error appeals and assigns error challenging the sufficiency of the evidence, admissibility of identification testimony, and the failure of the trial court to grant his request for a verbatim transcript of a former trial some six weeks earlier for the same offense, a guilty verdict having been set aside on motion for new trial on grounds of insufficient evidence.

The jury had before it not only the eye-witness identification of the defendant, Alphonso Bowers, as the person who robbed the prosecuting witness, a clerk in the Triangle Package Store in Knoxville on the 2nd day of January, 1973, but also the testimony of an accomplice, Leroy Winston, who described in detail how the defendant accompanied him to the Triangle Package Store on the evening of the crime where, after the defendant ordered a bottle of wine, the clerk was robbed at the point of a pistol furnished by Winston. In view of this overwhelming evidence we cannot say that the verdict of

the jury was factually unsupported. State v. Grace, Tenn., 493 S.W.2d 494. It is true that the victim became somewhat confused, and frankly admitted it, between his identification of both Bowers and Winston. That is, he had difficulty in remembering which one of them did what, particularly as to which one it was that robbed him two days later, Winston having admitted the second robbery on his own. Such confusion on the part of a witness has bearing on his credibility and the weight the jury is to give his testimony to be sure, but once the jury has resolved these inconsistencies for or against the theory of either party in a criminal case, a reviewing court may not substitute its conclusions for those of the jury unless it is demonstrated that the weight of the evidence preponderates against a guilty verdict. The jury simply chose to believe the allowable inferences from all of the State's proof and to reject the alibi evidence offered on behalf of the defendant. A basic purpose of a jury is to settle such conflicts.

Contrary to the position of appellant, we find that the accomplice's testimony was adequately corroborated by the victim's credible, albeit somewhat confused, testimony. We overrule the assignments of error as to the sufficiency of the proof.

■ Following an exhaustive out of jury hearing on the propriety of the actions of the police showing numbers of photographs of varying subjects on three separate occasions to the prosecuting witness before he was able to identify the defendant's picture, the trial judge held that the incourt identification was not tainted by any unfair and improper suggestions. Such a finding has the weight of a jury verdict. See Turner v. State, 1 Tenn.Cr.App. 582, 447 S.W.2d 877. The victim testified that his in court identification was based on the terrifying experience of observing the defendant while the latter was pointing a gun at him, and further said that no one indicated to him on any of the three occasions which picture was thought to be that of the robber. We feel that under the totality of the circumstances the trial judge was justified in holding the identification procedure was fair and not unduly influenced by suggestive means. See Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401.

■ We find no merit in the insistence that the trial judge should have ordered a transcript of the former trial provided the defendant at State expense for the reason that appears obvious from the record that there was no need for the prior record, although the trial judge assured the defendant's attorney that if any portion of the record was needed the reporter would be instructed to provide it when the need became known. The prosecuting witness readily admitted that he had testified inconsistently as to the identity of the second person who robbed him and offered his excuse of confusion. As the trial judge pointed out when a request for this portion of the record was made and declined, the record would have served no impeachment purposes since the witness did not deny the inconsistencies. It is further apparent from the cross-examination that the attorney for the defense knew exactly what the prior record would have revealed as to the pertinent questions and answers.

We have quite recently held in a similar circumstance:

"It is only those portions of a proceeding that are needed by an indigent defendant for a meaningful review of the actions of the court complained of that must be furnished him at public expense. This is not to say that a trial judge may not in his discretion order portions of a former proceeding furnished an indigent for whatever purpose appears to him to be in the interests of justice, but in the absence of a showing of an abuse of such discretion in denying a motion of this sort we will not reverse. In holding that there is no positive duty to furnish transcripts of prior proceedings this Court quoted with approval and adopted the reasoning of our Supreme Court:

"'"There are no allegations as to any discrimination or prejudice resulting to defendant by failure to have the tran-

script of the previous trial. It is abundantly clear that no violation of the defendant's constitutional rights of equal protection or due process resulted from the trial court's refusal to provide a transcript of the previous trial under a prior indictment." ' "

Brown v. State, 1 Tenn.Cr.App. 739, 450 S.W.2d 35.

"The assignment is overruled."

William Eric Bell and Theodore Grant v. State, Knoxville, October 1973 Term.

It is noted that the trial judge modified the jury imposed punishment by reducing it on motion for new trial from 25 to 15 years so as to conform to the sentence of the first jury in the trial that was later nullified. Although the trial judge does not say so in his order granting the motion of the defendant to so modify the verdict, it may be that he considered it his duty to do so because of T.C.A. § 40–2701, a recently enacted statute which provides as follows:

"In the pronouncement of a judgment where a defendant has been retried following an order granting a retrial by a court of this state or, where in obedience to a decision of a court of the United States, it becomes necessary that the jury's verdict be modified to prevent a sentence on the second trial being greater than the verdict pronounced at the first trial, the trial court is hereby authorized to modify the jury's verdict and pronounce judgment accordingly."

This statute was enacted so as to permit a trial court to reduce a more harsh sentence on retrial in the event the rulings of the Sixth Circuit Court of Appeals were upheld in such cases as Pendergrass v. Neil, 456 F.2d 469, applying the holding of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, to cases in which the punishment is fixed by a jury so as to assure against vindictiveness in the

subsequent sentencing. The United States Supreme Court in Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714, has now agreed with this Court in such cases as State ex rel. Pinkard v. Henderson, 2 Tenn.Cr.App. 240, 452 S.W.2d 908. This means that the statute, although still authorization for a judge who feels that the circumstances of a particular case justify it to reduce a sentence on a later trial so that it will not be harsher than that fixed on the first, is permissive, and whether or not a reduction will be granted rests in the sound discretion of the trial court. This will enable a judge to safeguard a defendant against any possible vindictiveness on the part of a jury that may learn of a former conviction and sentence and resent the defendant's having frustrated punishment by delay.

The judgment is affirmed.

OLIVER and MITCHELL, JJ., concur.