Newman **ROBINSON** and Mark **Robinson**, **Plaintiffs in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

May 20, 1974.

Certiorari Denied by Supreme Court Dec. 9, 1974.

Ernest W. Cotten, Lebanon, for plaintiffs in error.

David M. Pack, Atty. Gen., W. Henry Haile, Asst. Atty. Gen., Nashville, Baxter Key, Dist. Atty. Gen., Jacky O. Bellar, Asst. Dist. Atty. Gen., Carthage, for defendant in error.

## OPINION

MITCHELL, Judge.

The defendants Newman Robinson and Mark Robinson, represented by their Attorney Honorable Ernest W. Cotten, have appealed their March 21, 1973, jury conviction of petit larceny and a sentence of six months each in the county jail, from the Criminal Court of Macon County,

Tennessee, Honorable Hillard M. Roberts, Judge presiding.

The defendants have assigned errors as follows:

1. That the verdict of the jury was contrary to the weight and preponderance of the evidence.

2. That the search of defendants' truck was illegal.

3. That the arrest was illegal because the Sheriff of Macon County did not have legal authority to make an arrest in Sumner County.

Alvis Simmons the prosecuting witness, owned and operated a garage in Macon County, Tennessee. On August 14, 1972 Alvis Simmons went to the parts store and left his father Glenn Simmons in charge of the garage.

Alvis had a Dodge truck radiator of the value of $50.00 which he had moved and set it on a block in his garage before he went to the parts store.

While Alvis Simmons was gone to the parts store the defendants Newman and Mark Robinson, father and son respectively, who were in the scrap metal business, drove to the Simmons' garage in a truck which they backed up to the air hose. The older Mr. Robinson walked up to Glenn Simmons and said "We want some air."

The defendant Newman Robinson engaged Glenn Simmons' attention by asking a lot of questions and Simmons did not see what the younger defendant Robinson was doing. The defendants then drove away.

When Alvis Simmons returned shortly from the parts store he discovered his radiator was gone. He inquired about it and his father told him about the defendants having been there and wanted to buy old radiators. That the defendants were the only people who were there in that part of the garage while Alvis Simmons was gone to the parts store. That

the defendants were the only people who could have taken the radiator. This was the only radiator Simmons had at that time. It had been taken off a 1953 Dodge pickup truck and cleaned and repaired. That he had filed the radiator cap to make it fit.

Mr. Simmons notified the Sheriff who radioed other officers in the area and a short time later that day a message was received that the Portland, Sumner County police had located the defendants and had them in custody.

The town of Portland is in Sumner County about 15 miles north of Gallatin and about thirty (30) miles west of Lafayette.

Sheriff Maburn Dyer of Macon County and Alvis Simmons went at once to Portland, Tennessee in the adjoining county of Sumner where they saw the defendants in custody of the Portland police. While Sheriff Dyer was talking with the defendants, Alvis Simmons went to the back of the defendants' pickup truck and said "Here's my radiator."

That the defendant Newman Robinson offered Mr. Simmons some money to drop the charges but it was refused.

Sheriff Dyer then returned the defendants and their truck to Lafayette.

Alvis Simmons positively identified the radiator which he found in the defendants' truck as belonging to him and as having been taken from his garage in Macon County.

On the way back from Portland to Lafayette they stopped twice.

At one time the senior defendant offered Alvis Simmons $40.00 to drop the charges against them, and again offered him $50.00 to drop the charges.

The defendants took the witness stand and testified.

Newman Robinson testified he had been living in Lebanon for about 20 years. He had never been arrested before. He admitted being in Macon County August 14, 1972, buying scrap metal for resale. That he did not recall stopping at Mr. Simmons' garage. He said "To my knowledge I was never there." That he bought a 1953 Dodge radiator from Wright's shop in Wilson County where he started on his route and worked through Smith, Macon and Sumner Counties. He said if this radiator came from Alvis Simmons he did not get it. That they were trying to buy batteries, radiators, and starters at a service station at Portland when they were stopped by the officers. That a police car drove up in front of them and one behind them, and the officers told them a radiator had been reported missing and asked if they would come up to the police station and wait till the Macon County Sheriff came and talked to them and they agreed.

That the Sheriff of Macon County came and had with him Alvis Simmons. That Mr. Simmons went to the defendants' truck and started going through their metal and pulled out two or three radiators and looked at them. He also pulled out the Dodge pickup radiator and said it was his. That they arrested Mark Robinson, took the radiator and put it into the Sheriff's car. At that time they said he was the one that stole it. That there wasn't anything said about Newman Robinson stealing the radiator. "The Sheriff asked me to drive this boy's truck back to Macon County." "They followed me."

Newman Robinson admitted he said to Mr. Simmons that his son had already been in enough troubles and if he would forget about this thing, "I will buy you a brand new radiator and give you $50.00 to put it on."

Newman Robinson further testified "I did not take his radiator."

Mark Robinson testified he did not steal Alvis Simmons' radiator. That he did not know where his place is, that he had never seen either Alvis Simmons or his father. That they had this radiator on their truck.

That his father bought it at Wright's Radiator Shop at Lebanon.

Mark Robinson's testimony corroborated that of his father and co-defendant.

Mrs. Ida Virginia Wright testified in behalf of the defendants that her husband runs South Side Radiator Shop in Lebanon. That she is not related to the defendants. That on August 14, 1972, she sold Mr. Newman Robinson a 1952 Dodge truck radiator. She said she gave him a receipt. that the best she could remember this radiator exhibited at the trial looked like the one she sold the defendant Newman Robinson.

Alvis Simmons testified for the State in rebuttal that this radiator cap had been filed down. "That is not even the cap that goes on it. The old Dodge did not have that pressure lever. I had to file it off because the grooves are in there."

## ASSIGNMENTS OF ERROR

■ The defendants' 1st assignment of error attacks the weight and sufficiency of the evidence and must be considered under the rule that the verdict of the jury, approved by the trial judge, accredits the testimony of witnesses supporting the verdict, resolves all conflicts in favor of the theory of the State, displaces the presumption of innocence and raises a presumption of guilt. A conviction will not be reversed on the facts unless it is shown by the defendants that the evidence preponderates against the verdict and in favor of their innocence. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743; Pryor v. State, 217 Tenn. 695, 400 S.W.2d 700; Gann v. State, 214 Tenn. 711, 383 S.W.2d 32.

■ The trial jury, as it had a right to do, has rejected the theory of the defendants and upon all the facts and circumstances has found the defendants guilty of petit larceny.

We hold the defendants have failed to show that the evidence preponderates against their guilt and in favor of their innocence.

■ By their 2nd assignment of error the defendants contend the search of the defendants' truck was illegal.

We are unable to find any merit in this assignment. The Portland Tennessee police officers had received a radio message from the Sheriff of Macon County, that the defendants in a truck had committed a felony by unlawfully taking and carrying away the radiator of Alvis Simmons. On information that a felony had been committed and on probable cause that the two defendants had committed it, the Portland police stopped the defendants' truck and took the defendants into custody and held them till the arrival of the Sheriff of Macon County accompanied by Alvis Simmons, owner of the stolen radiator. What the Portland police did amounted to an arrest.

In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, the Court upheld a warrantless arrest and search of a car, by officers who had received a radio broadcast of a description of the car and occupants, and that they had committed a robbery. See State ex rel. Carlson v. State, 219 Tenn. 80, 407 S.W.2d 165.

■ However the proof does not show that the officers made any search of the defendants' truck. The proof by the testimony of Alvis Simmons, Sheriff Maburn Dyer and the defendant Newman Robinson was that the prosecution witness Alvis Simmons was looking into the defendants' truck and moved several radiators about in the truck and picked up one radiator and brought it out of the truck and announced to those present that "here is my radiator," or words to that effect. So far as the proof shows the radiators were in plain view and it was not necessary to make a search. If any search was made it was made in-

dependently by the State's witness Alvis Simmons looking for his stolen radiator.

The 4th amendment to the U. S. Constitution affords the defendants no protection against the activities of private citizen Alvis Simmons in finding his radiator.

The provisions of the federal Constitution can only be invoked against the activities of the agencies of the federal government and likewise the rights of the citizens involved in the constitutional provisions referred to are only protected against the actions of officers of the state government. It is only when evidence has been obtained by means of unlawful conduct of government officials in violation of the provisions of the Constitution referred to that it has been held inadmissible in any of the cases. Hughes v. State, 176 Tenn. 330, 141 S.W.2d 477; Binkley v. State, 1 Tenn.Crim.App. 214, 434 S.W.2d 336.

The defendants testified in detail about the prosecution witness Simmons finding the radiator in question in the defendants' truck and claiming it as his property. The defendants admitted they had the radiator, which Simmons swore was stolen, in their truck at Portland when stopped by the Portland police. However the defendants deny the radiator was stolen and contend they bought it at Lebanon.

In their 3rd assignment of error the defendants contend the Sheriff of Macon County did not have legal authority to arrest them in Sumner County.

This 3rd assignment is untenable. The defendants were stopped and arrested by Portland police.

Whether the Sheriff of Macon County had authority to make an arrest in Sumner County, if in fact he did make such arrest, is not material. There is no constitutional immunity from an unlawful arrest. T.C.A. § 40–803; Harris v. State, 206 Tenn. 276, 332 S.W.2d 675.

The defendants have admitted this significant fact under oath, that they had the radiator in question in their possession in their truck.

We have carefully considered the assignments of error in the order in which they were summarized in the Attorney General's brief, and find them without merit and they are overruled.

The judgment is affirmed.

OLIVER and DWYER, JJ., concur.